UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:21-02-KKC |
|---|---|
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| JANAINA NASCIMENTO, | |
| Defendant. | |

*** *** ***

Defendant Janaina Nascimento has filed a motion for compassionate release [DE 33] under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the Court must deny the motion.

Nascimento pleaded guilty to introducing a misbranded device into commerce in violation of 21 U.S.C. §331(a). The Court sentenced her to a six-month term of imprisonment. She has not begun to serve that term. She is required to surrender for service on June 1, 2021.

The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant herself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. This is because the statute says that a "court may not" grant

compassionate release unless the defendant files his motion after one of the two events has occurred. *Id*. Further, the Sixth Circuit ruled that this Court cannot find exceptions to the mandatory condition. *Id*. at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.")

The Court is unable to grant Nascimento's motion for two reasons. First, the Court cannot grant compassionate release to Nascimento because she is not yet in BOP custody. "[B]y its plain terms, [the compassionate release statute] applies only to those defendants who have begun serving their term of imprisonment at a BOP facility." *United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020) (citing *United States v. Spruill*, No. 3:18-cr-0022-10, 2020 WL 2113621, at *3 (D. Conn. May 4, 2020)). "By requiring that a defendant first approach the warden at his institution to seek compassionate release, the statute, by its plain text, contemplates that a defendant who seeks compassionate release already will be in the custody of the BOP." U*nited States v. Staggs*, No. 3:18-CR-375-SI, 2020 WL 7625229, at *3 (D. Or. Dec. 22, 2020).

Second, the government has properly invoked the mandatory condition to compassionate release and, and Nascimento has failed to meet either requirement of the mandatory condition. *See Alam*, 960 F.3d at 834 (finding no waiver or forfeiture of the mandatory condition where the government timely objected to defendant's "failure to exhaust.") Because Nascimento is not yet in BOP custody, she has not "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). Nor has she even requested that the warden of her facility file a motion for compassionate release on her behalf.

In support of her motion, Nascimento cites *United States v. Ullings*, No. 1:10-CR-00406, 2020 WL 2394096 (N.D. Ga. May 12, 2020). In that case, the defendant was in the custody of

the U.S. Marshal at the time of her compassionate release motion, albeit in a private facility because the BOP had suspended the transfer of prisoners. The court determined it could waive the exhaustion requirement in that situation. *Id*. at *2. As discussed, however, the Sixth Circuit has determined that, if the government invokes the exhaustion requirement for compassionate release, it "must be enforced." *Alam*, 960 F.3d at 834. Moreover, even if the Court could waive the exhaustion requirement after the government invokes it, granting compassionate release is not possible in Nascimento's situation because, unlike Ullings, Nascimento is not in custody at all.

Finally, to the extent that Nascimento asks that the Court order that she serve her sentence on home confinement, this Court has no authority to do so. The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

Accordingly, the Court hereby ORDERS that Nascimento's motion for compassionate release [DE 33] is DENIED without prejudice.

Dated May 19, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY